WILLIAM MACK V. CHARLES PARKIESER.

FILED FEBRUARY 2, 1898. No. 7809.

1. New Trial: OBJECTIONS TO INSTRUCTIONS. Objections to instructions must be specifically and separately assigned in a motion for a new trial.

2. Instructions: REVIEW. Instructions must be read and construed together, and if so considered they state the law applicable to the case and without confusion or conflict, a single paragraph is not erroneous for the reason that in and of itself it may be incomplete.

3. Trial: MOTION TO DIRECT VERDICT: WAIVER OF ERROR. If there is interposed for defendant at the close of the evidence in chief for the plaintiff a motion that the court instruct the jury to return a verdict for defendant and such motion is overruled, by the introduction of evidence for defendant in support of the defense error in the overruling of the motion, if any, is waived.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*William A. Redick,* for plaintiff in error.

*C. P. Halligan, contra.*

HARRISON, C. J.

This action was instituted by defendant in error in the district court of Douglas county to recover damages which he alleged had been suffered by him by reason of the breach of the covenants of a warranty deed executed and delivered to him by plaintiff in error in the conveyance of certain lands. Pleadings were filed by which issues were joined, and a trial thereof resulted in a verdict and judgment favorable to defendant in error. The cause is presented here by error proceeding on behalf of the unsuccessful party in the trial court.

One assignment of error to which attention is directed in the argument in the brief filed is that the court erred in giving paragraph numbered 5 of its charge to the jury. In the motion for a new trial the assignment in regard to error in giving instructions was as follows: "That the court erred in giving to the jury paragraphs numbered 1, 2, and 5 of the charge of the court on its own motion." This method of grouping in one assignment several numbered paragraphs, of the giving of each of which it is desired to assign error, has repeatedly been considered by this court, and it has been as often held that if any one of the group is unobjectionable the assignment will be no further examined. These portions of the charge were not all, if any, erroneous and the assignment is unavailing. No objection is urged against any except the one numbered 5; further than this, paragraph 5, when read in connection with other paragraphs of the charge, was not open to the complaint urged against it.

There is but one other question argued which it is stated was raised by the court's refusal at the close of the evidence introduced for defendant in error to instruct

38

the jury to return a verdict for the plaintiff in error. This, it appears, was a verbal request or motion to the effect just stated and which was refused by the court. It is unnecessary to examine this question as, for the plaintiff in error on the overruling of this motion, there was offered and received evidence in support of his defense; and the error, if any, in overruling the motion was thus waived.

This disposes of all the errors urged in the argument here, and it follows that the judgment of the district court must be

AFFIRMED.

NORVAL, J., not sitting.